No. 1065

CLEVELAND RY. CO. v. EVANS

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6707. Decided July 1, 1926

465. ERROR—The conduct of court in entering the jury room and giving the jury further instructions on how to fill out form of verdict, in absence of counsel and without notice to same, is such irregularity as constitutes prejudicial error.

PER CURIAM.

Rebecca Evans recovered a judgment against the Cleveland Railway Co. in the Cuyahoga Common Pleas. Error was prosecuted and various errors were assigned among which was, irregularity on part of the court.

It appears from the record, that the jury had deliberated on the case in question for three hours and the judge was engaged with hearing another case when the bailiff informed him that the jury in the instant case had agreed upon a verdict, but desired information on how to fill out the form of same. The judge, in order to save time and confusion by having the jury brought before him, went to the jury room, in absence of counsel or a reporter, and without notice to either, told the jury he would answer all proper questions. Thereupon the judge was asked if Evans's damages were assessed at $1000, whether the verdict should be for $1000 or $200; and the judge replied $200 for the reason that she had been paid $800. The court further stated, in reference to damages as being $2500, that the verdict should be the difference between that amount and the $800 already paid to said

Evans. Thereupon the jury, through its foreman, said they understood.

It is contended that 11452 GC. provides that "after the jurors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law of the case, they may request the officer in charge to conduct them to the court which shall give them the information sought upon matters of law, and also in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

The Court of Appeals held:—

1. The only question submitted is whether or not the conduct of the Court in entering the jury room and instructing the jury to make out a verdict, was prejudicial error.

2. The general rule holds that all communications between court and jury must be in open court; and it is erroneous for the judge to give further instructions in the jury room, unless counsel assents thereto.

3. It is error for a judge, during recess of his court, in absence of the party and his counsel, and without notice to them, to give instructions to the jury to whom the case has been submitted. 8 OS. 210.

4. No interference by anyone, including the trial judge, should be tolerated, once the case is submitted to the jury.

5. It is not a question of what motives actuate the trial judge when he enters the jury room and gives the jury instructions on any point. It is assumed in this case that the trial judge was actuated by good motives.

6. This safeguard, however, which permits of no interference with a jury on part of anyone, is regarded as of the utmost importance. Once the bars are lowered and the door will be opened to all sorts of abuse.

7. When the jury seeks information on any point, whether it concerns some point of law or merely the form of the verdict, such information should be forthcoming only in accordance with the provisions of the General Code, so as to afford all parties the full opportunity to be present and take necessary exceptions if they choose.

8. There was irregularity in the conduct of the court in entering the jury room as he did and judgment is therefore reversed and the case remanded.

Judgment reversed.

(Levine, PJ., and Sullivan & Vickery, JJ., concur.)

Attorneys—Squire, Sanders & Dempsey for Company; Charles T. Rich for Evans; all of Cleveland.