## MAYNARD H MURCH CO et v EDWARDS et

Ohio Appeals, 7th Dist, Trumbull Co

Decided September 14, 1928

Boyd, Cannon, Brooks and Wickham, Cleveland, for Plaintiffs.

Gillmer, Gillmer, Stephens and Patchin, Cleveland, for defendants.

FARR, J.

The duty of the Court under such circumstances is fixed by statute.

Sec 11452 GC provides:

**"Duty of Court if jury wish to be informed as to testimony or law**—After the jurors retire to deliberate, if they disagree as to the testimony or desire to be further informed on the law of the case, they may request the officer in charge to conduct them, to the court, which shall give the information sought upon matters of law, and also in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

It is to be observed from the foregoing section that it was mandatory upon the Court when requested so to do, to give additional instruction upon the vital issue in this case, and which was refused by the trial court.

The court is somewhat loath to reverse this judgment but does not see any other course to pursue in view of the fact that the trial court omitted to perform its mandatory duty under the statue. It may be that the trial court had charged partly in writing and partly oral, but that would make no difference, because it was still the duty of the trial court to give the instruction upon the issue as requested by the jury. No other reversible error was found in this case. There was an excellent and helpful presentation of this cause upon both sides but the judgment must be reversed because the trial court clearly disobeyed the injunction of this Statute.

Because the trial court refused this further instruction and for no other reason, the judgment is reversed.

Judgment reversed.

ROBERTS and POLLOCK, JJ, concur in the finding.