### LEVIN v O'DONNELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14456.   Decided July 6, 1935

Foote, Bushnell, Burgess & Chandler, Cleveland, for plaintiff in error.

J. H. Read, Cleveland, and Frank W. Warady, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

512

## OPINION

By MIDDLETON, PJ.

It seems idle to undertake to point out how fatal to the integrity of court proceedings such occurrences as we are now considering may be if allowed to become general. It was the duty and the only duty of the court bailiff when the request was made to her to at once transmit it to the judge, and it was just as much his duty, if he recognized the request at all, to at once repair to the court room and explain to the jury what was his reason for denying their request. What he did in handling the transaction was to accomplish the very thing he apparently was objecting to, and that was to impress upon the jury that the testimony of the plaintiff and the defendant was of no more importance than the testimony of each of the remaining witnesses who had appeared before the jury.

We can leave this phase of the case at this point without reference to connected matters and have ample ground for the removal of the judgment, but when this request was made, as we have before observed, it not only was the duty of the court to repair to the court room and have the jury brought before him. there, but it was his further duty to have counsel for the parties notified and present if possible. In this case the absence of counsel or the failure to give any notice whatever, deprived counsel for defendant at least the right to demand that the court comply with the request of the jury. This was a substantial right of the defendant represented by counsel, and if when made was refused by the court, the defendant would have ample ground for the reversal of the judgment. This is substantially what the Supreme Court has said in the case of **Hrobat v Railway Co., 125 Oh St 67.** We have concluded that a fair interpretation of the opinion in that case justifies this court in holding that when a request is made of the character of the one in the instant case it is mandatory on the court to comply with it.

We conclude, therefore, that in the whole transaction there was error, first, in the attempt of the court bailiff to direct and instruct the jurors in what way they should request the information they desired; second, that it was error for the trial court to transmit to the jury through the court bailiff its refusal to comply with their request, which involved an instruction to the effect that all the evidence in the case was of equal importance, and that no part would be emphasized by a reading; third, that it was error for the court to dispose of the requests as it did in the absence of any notice to counsel of what had transpired, and fourth, that it was the duty of the trial court under the provisions of §11452 GC, to comply with the requests of the jury. Any one of the errors named would, in the judgment of this court, be sufficient to compel a reversal of the judgment.

There are other errors complained of by the plaintiff in error which we notice only for the purpose of holding that we do not regard them as prejudicial but we do not want to be understood as in any way approving of what is involved in the complaints we will notice.

It appears from the record that the trial court in its charge to the jury (bill of exceptions page 274) in referring to the petition in the case, gave the following instruction:

"There are five allegations all told. The court is submitting four of them to you. They are numbered in the petition. Number four the court is withdrawing from your attention, due to the fact that it is contained in other allegations."

It is sufficient we think to say' that the charge as a whole sufficiently defined the issues in the case to the jury and that there was no prejudicial error resulting from the withdrawal of paragraph number four from the consideration of the jury, and we find no reason for any interference with the judgment in respect to this particular complaint.

A vast number of objections are made to the testimony of witnesses who were interrogated under the rules which obtain in respect to expert or professional testimony in answer to hypothetical questions. We have gone through these objections and find nothing seriously wrong or which might materially have affected the rights of the defendant, and we are unable to find anything in the remaining objections which requires any particular notice.

For the reasons heretofore stated, the judgment is reversed and the case remanded for further proceedings according to law.

Judgment reversed.

BLOSSER and McCURDY, JJ, concur.