**HUBBUCH v SPRINGFIELD (city) et**

Ohio Appeals, 2nd Dist, Clark Co

No 399. Decided April 18, 1939

Anderson, McKee & Schwer, Springfield; Harry Kohn, Columbus; William Wasserstrom, Columbus, for plaintiff-appellant.

Jerome A. Nevius, Prosecuting Attorney, Springfield; W. W. Kiefer, Special Counsel, Springfield; Fred N. Carpenter, City Solicitor, Springfield, for defendants-appellees.

By GEIGER, J.

This matter had its inception in the Court of Common Pleas wherein Frank J. Hubbuch, plaintiff-appellant, sought to recover from the defendants-appellees, the City of Springfield, et al, for an injury alleged by him to have been caused by defects in a bridge on Route No. 40, located on the east corporation line of the City of Springfield.

During the trial certain proceedings occurred which are brought to our attention by a bill of exceptions and which are alleged as a ground upon which the court should set aside the verdict of the jury rendered against the plaintiff-appellant.

The bill of exceptions is short, but inasmuch as it exhibits evidence by way of affidavits and the statement of the court, which present controversies as to certain points which we deem of importance, we will first examine the facts.

The bill recites, in effect, that on the trial of the case at the October Term, 1938,

of the Court of Common Pleas of Clark County, Ohio, before the Honorable Marion B. Owen, Judge, and a jury duly impaneled and sworn, after submission of the cause to the jury, the following proceedings occurred.

The jury was given the case and retired to their room for deliberation. After some deliberation they were conducted to their supper, in charge of the bailiff, being afterwards returned to their room to resume deliberations. Sometime later they signalled the bailiff, who immediately attended, and upon his return to the court room handed to the Court, in the presence of counsel for all parties to the action, the following request in writing:

"Judge Owen:

Will you please tell me where in the testimony it was proven that the bridge was unsafe?—Jeannette Rockel.

Will add, At a reasonable rate of speed? —Lee Johnson."

Upon reading the question the Court turned to counsel with this statement:

"If I don't read you this question, none of you need worry."

Then turning to the bailiff the Court said:

"Tell them the Court says he cannot answer their question. That is for the jury to find."

This message was delivered orally and verbatim by the bailiff to the jury. Afterward the jury returned into Court its verdict, in writing, in favor of the defendants. Thereupon the plaintiff filed his motion for new trial alleging as grounds:

1. Irregularity in the proceedings of the Court and Jury, and abuse of discretion by the Court, in giving instructions to the Jury by verbal communications through the Bailiff in the absence of and without notice to the parties or their counsel, after the jurors had retired to deliberate, and by which plaintiff was prevented from having a fair trial.

2. That the verdict of the jury is not sustained by sufficient evidence.

3. For errors occurring in the charge of the Court.

4. and 5. For other errors.

In support of the motion the plaintiff presented the affidavit of William Wasserstrom, one of the counsel for the plaintiff, which recites his view of the transactions of which he complains. The essential allegation is, in substance, that while the jury was deliberating in their jury room the bailiff handed to the Judge a paper, the contents of which was not disclosed by the Judge to party plaintiff or his counsel. The Judge said nothing to the parties or counsel and the affiant heard him say to the bailiff substantially as follows: "Tell them that is for them to find"; that the bailiff then left the room and thereafter the Judge said, in substance, that the bailiff had delivered to him from the jury, the jury still deliberating, a written question of information and instruction concerning the cause and that he had theretofore and in response answered the same by instructing the bailiff to deliver verbally his answer to the question and that the bailiff had given to the jury a verbal answer to said request of instruction; that the Judge said to counsel he did not inform them what the written question had been but that he had the same in his pocket and that he had directed the bailiff to convey to the jury a verbal message; that thereafter the jury returned with a verdict in favor of the defenants;

That neither the Clerk nor the Court Reporter was present nor were counsel informed until after the foregoing had taken place with reference to the inquiry from the jury and the verbal response by the presiding Judge through the bailiff except as above recited;

That said proceedings with reference to said request and response did not occur upon any prior notice to counsel nor in the presence of the Court Reporter or the Clerk, nor were the jury called from their room into open court concerning the request for instructions nor the verbal answer by the bailiff;

That all the foregoing had taken place unknown to plaintiff and his counsel, who first learned thereof as set forth; that plaintiff and his counsel did not know what said question or the substance thereof was until they were informed by a member of the jury after the return of the verdict and the discharge of the jury.

It will be noted that important parts of this affidavit are to the effect that the bailiff handed the Judge the paper, the contents of which was not disclosed; that the Judge said nothing to the parties or counsel, who overheard his instructions to the bailiff, who then left the room and thereafter, the Judge made a statement to counsel as presented by the affidavit; that counsel was not informed until after the incident had taken place with reference to the inquiry from the jury; that the proceedings with reference to the request did not occur upon notice to counsel; that all the matters had taken place unknown to plaintiff.

On the argument, the Court state, in substance, his recollection of the occurrence, to the effect, that after the jury had deliberated they signalled the bailiff, who went to the jury room and brought down a note from two of the jurors, the original of which the Judge stated he had, but not there at hand, but that it was substantially as the Judge then recited. He further states that he looked at the question in the court room in the presence of both counsel for plaintiff and defendants and remarked to the bailiff, "Tell them I cannot answer that question" and that word was taken to the jury; that counsel did not see the note and that the only thing sent to the jury was "Tell them I cannot answer that question", that counsel for the parties did not see the question or know what it was.

The Court stated, after a recitation by counsel of certain facts, substantially as above recited, presented as interrogatories to him,

"That is right. I might further add, I did remark, before giving the bailiff those instructions, I did remark, 'If I don't tell you the question, neither side can worry.' Then I said, 'Tell them I cannot answer that question.' I did remark to counsel for both sides, 'If I don't read you this question, neither of you will have to worry', and then said, 'Tell them I cannot answer that question.' "

Counsel then presented to the Court an affidavit, presumably the one filed, and the Court remarked,

"That is part of what happened, but it is not quite what was stated, but it is a fair statement of what happened."

After further argument and after recess the court said:

"I would like to make a further statement. After reading the affidavit which was filed by counsel for plaintiff, and thinking on it, it occurs clearly to the Court that I did not, in my statement this morning, place in the record all I had said to Mr. Gregory (the bailiff) before he went back to the jury.

The matter is perfectly clear in my mind now, that after reading the question, I observed to counsel, generally, that that was purely a question of fact, and then I said to Mr Gregory, 'Tell them the Court says he cannot answer your question. That is for the jury to find.' "

Thereupon the affidavit of Olie v Gregory was filed by defendants reciting the fact that after the case had been submitted and the jury was deliberating he was called to the jury room and there given a note to the Judge; that he immediately took the note and handed it to the Judge in the court room, and the Judge, after reading the same, said to him "Tell them the Court says he cannot answer your question. That is for the jury to find," and that he immediately went back to the jury room and repeated what the Judge had said and thereupon left the jury room and locked the door.

It will be noted that the statement of the Court is at variance with that of counsel for plaintiff in that he (the Court) did make a statement to counsel to the effect, "If I don't read you this question, none of you need worry", and then gave the instruction to the bailiff, who afterward conveyed the message of the Judge to the jury room. The Court reiterates that after reading the question he observed to counsel generally that it was purely a question of fact and then gave the message to the bailiff.

It will be recalled that the bill of exceptions states, in narrative form, that the jury signalled to the bailiff, who immediately attended and upon his return to the court room, handed to the court in the presence of counsel for all parties the request, and that upon reading the question and from it the Court sensing the trend of thought of the jury, the Court turned to counsel and make the statement and then sent a message to the jury.

We think it clearly appears from this recitation of the bill of exceptions and from the consideration of the affidavit and the statement of the Court that all counsel were present at the time the note was delivered from two of the jurors to the Court and that the Court thereupon made the remark in question to counsel and thereafter gave his instruction to the bailiff; that the Court did not make known the contents of the note but dismissed the matter with the statement "If I don't read you this question, none of you need worry." This Court deems it of importance to keep in mind the chronological facts of the proceedings as thus recited. It would seem that the statements in the first ground for a new trial are not supported by the facts.

On the 8th day of December, 1938, the Court overruled a motion for new trial and entered judgment in favor of the defendants and a bill of exceptions was allowed.

Sec. 11420-6 GC, with emphasis by this Court on matters seeming more pertinent is:

"After the jurrors retire to deliberate, if they disagree as to the testimony, or desire to be further informed on the law in the case, they may request the officer in charge to conduct them to the court, which shall give the information sought upon matters of law, and also, in the presence of or after notice to the parties or their counsel, may state its recollection of the testimony upon a disputed point."

It will be first observed that the procedure must have its inception in the action of the jurors. It might be doubted whether a single juror, or two, as in this case, can start the procedure, which if followed would require the jury to be conducted to the Court and require the Court to assemble counsel, who may not be present, and all court officials whose functions relate to the trial. It further appears that the jurors can only start the machinery "if they disagree as to the testimony, or desire to be further informed on the law of the case". The statute provides that the Court shall give the information sought upon matters of law and also, in the presence of or after notice to the parties, may state its recollection of the testimony.

For the purpose of this examination, we are not disposed to be technical as to what happened or whether a note from two is properly a communication from the jury. We shall also not discuss the question as to whether the note conveyed the information that they disagreed as to the testimony or desired to be further informed as to the law. We will assume that the communication of the two was a communication by the jurors and that the import of the communication, as above recited, brought the inquiry within the terms of the statute as showing a disagreement as to the testimony or a desire to be informed on the law. We do this, not because we feel that the restrictd language of the statute requires such an interpretation, but to avoid any narrow construction that might be prejudicial to the rights of the defendants.

The statute should be interpreted broadly as appears from the opinion of Judge Allen in the case of Krieger's Cleaners & Dyers, Inc. v Benner, 123 Oh St 482. It will be noted that a strict reading of the statute might indicate that the Court could give the information sought upon matters of law without the presence of parties or counsel and that it is only when the Court assumes to state its recollection of the testimony upon a disputed point that it is necessary that such statement of the court be made after notice to the parties. How-

ever, Judge Allen puts at rest this matter on page 489, et seq. of the opinion where the question was directly raised. She states that such a construction of the statute is grammatically possible but does not agree that such is a proper construction:

"So to construe the statute * * * deprives the litigant of his right to make a record for review and of his right to except to the rulings of the court, and thus is highly inconsistent with the Constitution and with the statutes dealing with the subject of review."

She quotes Article I, Section 16, of the Ohio Constitution as to due process of law and certain sections referring to the taking and transcript of testimony and in the course of her discussion examines cases in which the courts have held that it was not necessary to have counsel present. She states that the Ohio Decisions seem authority for the proposition that reasonable notice must be given to counsel and that the limitation upon the power of the court requires that the instructions be given in the presence of or after notice to the parties and allies to all instructions dealing with the court's recollection upon a disputed point or information sought by the jury on matters of law.

It will be at once detected that this decision does not directly bear upon the question now at issue in that it dealt largely with the necessity of the presence of counsel and its citation is only justified to show that the express terms of the statute must be broadly read, so as to protect the interests of the litigants.

The recent case of State of Ohio v Grisafulli, 135 Oh St 87, holds that by virtue of §10, Art. I of the Constitution and the section recited, it is the right of a defendant to be present when a jury, during its deliberation, returns to the court room for further instruction as to the law, where accused is affected by such instruction. The giving of such instruction, during the absence of the accused, without his knowledge and while he is involuntarily confined in jail, constitutes prejudicial error.

It appears in this case that before undertaking to instruct the jury the Judge conferred with counsel, both for the State and the defendant. The latter waived the right of their client to be present and agreed that the Judge might instruct the jury in the absence of the defendants. Thereupon, the Judge gave certain instructions and the jury resumed its deliberations. The Court quotes with approval from the case of Jones

v State, 27 Oh St 208, to the effect that it was the right of the defendant to be present at each instruction as to the law of the case and that this right was denied by reason of his imprisonment and,

"without inquiry as to the correctness of the instruction so given in his absence, it will be presumed that he was prejudiced thereby. * * * The right of the accused to be present on the trial of such case cannot be waived by counsel".

The Court comments upon §13449-5 GC, which states that no new trial shall be granted unless it shall affirmatively appear that the accused was prejudiced. The Court holds, in substance, that this statute can not cure the error and that prejudice will be presumed.

In the case of **Acrey v Bauman, 134 Oh St 449**, Judge Day, at page 452, quotes with approval:

"While this court will not disturb a judgment for an error that did not operate to the substantial injury of the party against whom it was committed, it is well settled that a reversal will be directed unless it appears, beyond doubt, that the error complained of did not and could not have prejudiced the rights of the party."

We gather from these decisions that if the proceedings related in the bill of exceptions violated a broad interpretation of the section under examination, that error will be presumed and need not be shown.

In the case at bar, counsel for defendant present the question of the two issue verdict and urge that if the statutes do not make them liable for the condition of the bridge that such lack of liability justifies the court in overruling the motion for a new trial even though the section of the statute in reference to instructions to the jury may have been violated for the reason that the plaintiff was not entitled to a verdict and therefor the action of the court could not have been prejudicial. They cite as sustaining this position **McAllister v Hartzell, 60 Oh St 69**, at pages 94, et seq.

While counsel's position on this matter might afford an occassion for interesting research, yet we do not deem it profitable to explore it at this time, preferring to rely upon the single matter as to whether the proceedings before the jury, in themselves, without reference to the ultimate liability of the parties or to the failure to show prejudice, constitutes reversible error.

The narrative form of the bill of exceptions, as appears on page 2, seems to us to correctly state the facts in this case and certain matters which have been the basis of decision to which we have been referred, are eliminated from our consideration. In the first place, upon receiving the message from two jurors the court turned to counsel and made a statement. That clearly establishes the fact that counsel was present in the court room at the time the bailiff handed the message to the court in spite of the statement to the contrary in the affidavit of counsel. It also appears that the message given by the court to the bailiff was delivered orally and **verbatim** to the jury. This eliminates from our consideration the observation in several of the decisions that the bailiff may have erroneously delivered the message of the court to the jury. It will be observed that most of the cases cited by counsel involved the absence of counsel at the time the court communicated with the jury, either in the court room, the jury room or through the instrumentality of the bailiff. Counsel for plaintiff also urges the question that it is important that not only the court and the counsel be present, but that there be other officers of the court such as the clerk and the official stenographer. Whether these be important or not there is nothing in the bill of exceptions to indicate that these officers were not present or would not have been at hand if the jury had been called into the court room. We are not inclined to give much regard to their absence, if they were absent, although, of course, the stenographer would have been necessary to record the court's charge or his observations as to the evidence and to have made a note of such objection as counsel might have made or their request for different and further instructions. But this case did not reach that stage due to the fact that the jury did not come into the court room and in addition it may be observed that we have before us in the bill of exceptions the entire transaction which could not have been added to by a stenographic report.

In the case at bar it appears that not only were counsel present but that the parties were also present. This was not necessary except in criminal cases where counsel has no right to waive the presence in the court room of the defendant.

We have carefully examined the cases cited by counsel for defendant and find that the following turned upon either the failure to notify counsel or their failure to be present when the court communicated with the jury.

**Hrovat v Cleveland RR Co, 125 Oh St 67; Toledo Edison Co. v Tullis, 51 Oh Ap 419; Seagrove v Hall, 10 O. C. C. 395;**

Krieger's Cleaners & Dyers v Benner, 123 O. S. 482; Shields v United States, 273 U. S. 583; Cleveland RR v Evans, 4 Abs 832; McBride v Akron, 12 O. C. C. 610 (where only one of the parties made the request for additional instructions).

Inasmuch as the foregoing cases pass from our consideration due to the fact that they were largely based upon a communication by the court to the jury without counsel being notified or without their being present, we will not consider them in detail. There are, however, some cases determined upon facts occurring in the presence of counsel which relate to the action of the court and in that respect they bear more similarity to the case at bar than the cases we have above noted and therefore may require some further notation.

In the case of **Mirch v Edwards, 11 Abs 306**, the section under discussion was at issue and the court held that the provisions of the section are mandatory and the refusal of the trial court to re-read his charge or a pertinent portion thereof, whenever requested to do so by the jury after retirement, is reversible error. After the jury had been charged, it, through one of its members, asked for the reading of the Judge's charge again particularly as to certain points. Counsel was present and one stated that the request should be granted, and the court replied that the difficulty was that some parts of the charge were given orally and could not be reproduced, stating that he had read these parts quite slowly and tried to make it distinct but did not believe that he would attempt to do it as given. Suggestions were then made that the stenographer be permitted to read or that she transcribe the charge, to which the court replied, "All I can say is I think I will have to send the jury back to the jury room without anything additional at this time." "I am very sorry but I think it is the safest thing to do all the way around." The reviewing court, on passing upon the case, pointed out that the provisions of the section were mandatory upon the court when requested to give additional instructions upon a vital issue and it was held that the court omitted to perform a mandatory duty. The fact that it was partly in writing and partly oral made no difference because it was the duty of the court to give the instruction as requested and the case was reversed for no other reason.

In the case of **Levin v O'Donnell, 20 Abs 510**, we have the element that is absent from the case at bar in that the court holds:

"5. The disposal by the court of requests by the jury that certain testimony be re-read to them, **without notice to counsel of what transpired**, is reversible error."

But the court goes further and makes the statement that it is established by the evidence that the bailiff, in the first place, undertook to instruct the jury in certain respects, the court stating that it was the duty of the bailiff when the request was made, to submit it to the judge and it was his duty, if he recognized the request at all, to at once repair to the court room and explain to the jury what was his reason for denying their request. The absence of counsel or the failure to give any notice deprived counsel for defendant of the right to demand that the court comply with the request of the jury. The court states:

"This was a substantial right of the defendant represented by counsel, and if when made was refused by the court, the defendant would have ample ground for the reversal of the judgment."

The court points out what it regards as four errors, any one of which would be sufficient to compel a reversal. The errors are thus stated, in substance:

(1) In the attempt of the bailiff to instruct the jurors in what way they should request the information they desired;

(2) It was error for the trial court to transmit to the jury, through the court bailiff, its refusal to comply with their request;

(3) It was error for the court to dispose of the case in the absence of any notice to counsel of what transpired;

(4) It was the duty of the court to comply with the request of the jury.

The first and third grounds pointed out by the court do not concern us.

The second and fourth may require further examination, not in detail, but in principle.

The case of **Definbaugh v Ulmer, 56 Oh Ap 255**, involved a case where the jury, during deliberation, requested further instructions but due to the fact the court was busy the request was not promptly complied with and shortly thereafter the jury announced it had arrived at a verdict. It was held that the act of the jury in arriving at a verdict was in effect a waiver of the request for further instructions and the failure to further instruct did not constitute prejudicial error. This, of course, is not a parallel case to that at bar.

Ohio Jurisprudence, Volume 39, page 904, §§242, et seq., is generally to the effect that if the jury, after retiring, desires to be informed as to any question of law or

issue in the case, they should be brought into court and the instructions there given to them. The right of the jury is controlled by the Code provisions, if the jury disagrees as to testimony or desires to be further instructed, the provision makes it mandatory on the court, when requested to do so, to give additional instructions upon vital issues in the case, and it must conform to the statutory requirements prescribed. The subsequent sections discuss the power of the court to give instructions and the necessity for the presence of or notice to the parties and other matters.

We have a state of facts which disclose that the jury, through two of its members, requested the bailiff to communicate with the court, which the bailiff did in the presence of counsel and the parties and that thereupon the court, without disclosing the contents of the communication, made known to counsel that he had the communication from the jury and then stated "If I don't read you this question none of you need worry", and thereafter, still in the presence and hearing of counsel, instructed the bailiff "Tell them the court says he can not answer their question, that is for the jury to find."

This presents a different situation than that disclosed in the cases wherein the reviewing courts have held the action of the court, or of any of its officers, to be prejudicial error. Counsel were present, the court told them he had a communication from the jury and instructed the bailiff in their presence which message was faithfully delivered by the bailiff. While we have been unable to find any cases directly bearing on the obligation of counsel, under the circumstances developed, yet we are of the opinion that the ordinary rules in reference to instructions in addition to general charges or special charges must control if an injustice be not done. We think the rules attaching to request for instructions as found in O. Jur., Vol. 39, page 1005, §§295, et seq, while not directly covering the present situation, yet are applicable. The rule is well settled that reversible error can not be predicated on the failure of the trial judge to cover all questions in the case, and because of his failure to give other charges which might properly have been given unless such omission is called to his attention and different instructions are especially requested, his failure to give such charge is not reversible error. Railway Co. v Ritter, 67 Oh St 53; Traction Co. v Piker, 11 Oh Ap 54. We recognize that these principles can only be applied by analogy.

It is well settled that where counsel remains silent after the court has asked if any other instructions are desired, that the failure to give instructions not requested is not error.

While we recognize the mandatory provisions of the statute which can not be waived in criminal cases, yet we feel that if counsel, in full possession of all the facts, neglect to make a request of the court but sit idly by with the mental reservation that if the verdict is against them they will use the facts of which they are in full possession as a basis for reversal, they have thereby waived their right to complain.

The matter presented to the court was a request to tell where in the testimony certain facts had been proven. There was immediately presented to the court the question whether such a request so conveyed fell within the provisions of the statute and required the jury to be called into the court room. If, in the presence of counsel, the court indicated that in his judgment the entire matter was for the jury and counsel sat silent, a condition is presented which we do not think requires a reversal.

To reverse for such a reason would invite counsel to lay a trap for the court, or at least invite them not to warn the court that it is about to step into a trap of which counsel was aware but of whose presence they refused to give a warning with the hope that the court's action might inure to their benefit.

Counsel for the plaintiff, in oral argument, urged that they were in no position to call the court's attention to their claim of error and to insist that the court disclose to them the contents of the paper and call the jury and answer its inquiries in open court. It was the duty of counsel to take every available step to protect the interest of their client and if they chose rather to sit by and watch the court commit what they believed to be reversible error, they can not now avail themselves of his mistake, if it were one.

It is urged by counsel for defendants that this case has been twice tried, that the litigation has extended over a long period of years, and that the expense thereof has been heavy, and that therefore there should be a final determination of this case.

While this argument has some appeal, it can not prevail against the right of the parties to have their case properly tried.

For the reason given above, the judgment of the lower Court is affirmed.

HORNBECK, PJ, & BARNES, J, concurring.