**OPINION**

## HUBBUCH v SPRINGFIELD (city) et

Ohio Appeals, 2nd Dist, Clark Co

No. 399. Decided May 8, 1939

Anderson, McKee & Schwer, Springfield; Harry Kohn, Springfield; William Wasserstrom, Springfield, for plaintiff-appellant.

Jerome A. Nevius, Prosecuting Attorney, Springfield; W. W. Kiefer, Special Counsel, Springfield; Fred N. Carpenter, City Solicitor, Springfield, for defendants-appellees.

BY THE COURT:

This matter is now before the Court upon the motion of the plaintiff-appellant for a finding that the decision and judgment herein is in conflict with the judgment rendered in the case of **Murch v Edwards, 11 Abs 306** and of **Levin v O'Donnell, 20 Abs 510,** by these two Courts of Appeals.

This Court has had occasion recently to pass upon an application for a certificate of conflict, and in that case commented upon the fact that if the Court of Appeals certifies a conflict the Supreme Court must review the case and make a final determination. The obligation of the Supreme Court to review the case rests upon the certificate of conflict of the Court of Appeals. The Supreme Court has no option. The Court of Appeals should exercise the greatest care in certifying a conflict.

The constitutional provisions, Art. IV, Sec. 6, are as follows:

"* * * and whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with the judgment pronounced upon the same question by any other court of appeals of the State, the judges shall certify the record of the case to the Supreme Court for review and final determination."

The very foundation of the certificate of conflict is that the judgment is in conflict with another court upon the same question.

A Court of Appeals may find that a cited decision of another Circuit Court is not pertinent to the case under examination, but that does not lay the foundation for a certificate of conflict. The only foundation for the certificate is that the Court finds that its judgment is in conflict with that of another Court of Appeals upon the same question. This leads to an examination of the cases mentioned in the motion.

We first examine Murch v Edwards. This case holds that the provisions of §11420-6, GC, are mandatory and that a refusal of the trial court to re-read his charge whenever requested to do so after the retirement of the jury to deliberate, is reversible error. In that case counsel were present and they and the judge participated in a discussion as to what should be done when the bailiff presented the request of the jury to the judge. After deliberation the judge stated:

"All I can say is that I think I will have to send the jury back to the jury room without anything additional at this time."

"I am very sorry but I think it is the safest thing to do all the way round."

The trial court had refused to further instruct the jury because his original charge had been partly in writing and partly oral and he stated that he did not believe he would be able to re-produce the charge as given and that it might be more confusing to re-produce it than to leave it go as it is. The reviewing court held:

"It may be that the trial court had charged partly in writing and partly oral, but that would make no difference, because it was still the duty of the trial court to give the instruction upon the issue as requested by the jury."

It will be observed in this case that counsel suggested that the request of the jury should be granted and stated he would take no exceptions and further it was suggested that the charge as given be transcribed and read to the jury. We think this presents a different question than that involved in the instant case. In the cited case, counsel urged that the court re-read his charge to the jury and upon his refusal to do so, both the plaintiff and defendant excepted to the refusal. In the case at bar there was no request made by counsel that the court do anything in reference to the request from the jury room and no exceptions were taken.

In the case of Levin v O'Donnell, the bailiff was requested by the jury to have certain testimony re-read. Counsel were not present in that case and no notice was given to them and they had no knowledge of what had transpired. This Court in its original opinion reviews this case somewhat at length pointing out the four errors any one of which would in the judgment of that court, be sufficient to compel a reversal. Two of the errors noted by the Court have no place in this case, the first being an attempt of the bailiff to instruct the jurors and the third, the disposition of the case in the absence of notice to counsel. The second commented upon was that it was error for the court to transmit to the jury, through the bailiff, its refusal to comply with their request, and fourth was that it was the duty of the Court to comply with the request of the jury.

Had this Court in the instant case, passed judgment upon these same questions and held that they did not constitute error, there would have been a conflict. This court has not held that it was not error for the Court to proceed as it did. This Court said in its original decision:

"While we recognize the mandatory provisions of the statute which can not be waived in criminal cases, yet we feel that if counsel in full possession of all the facts, neglect to make a request of the Court but sit idly by with the mental reservation that if the verdict is against them they will use the facts of which they are in full possession as a basis for reversal, they have thereby waived their right to complain."

The judgment of this Court was not "upon the same question" as that passed upon in either of the cited cases. The judgment of this Court was to the effect that if counsel, in full possession of all the facts, neglects to make a request of the Court pertinent to such facts and neglects to reserve exceptions, that the error that may be committed

by the Court can not be used as a basis for reversal. Counsel by their silence have waived their right to complain.

We, therefore, arrive at the conclusion that the judgment upon which this Court agreed is not ▮▮ in conflict with the judgment pronounced upon the same questions by the Courts of Appeals in the cited cases. The questions were not the same.

Motion to certify conflict overruled.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.