THE STATE OF OHIO, APPELLEE, v. HANKERSON, APPELLANT.

(No. 10877—Decided August 7, 1989.)

*Lee C. Falke,* prosecuting attorney, and *Carley J. Ingram,* for appellee.

*Richard Hempling,* for appellant.

*Per Curiam.* We are called upon to decide a motion to certify this case to the Ohio Supreme Court filed by defendant-appellant, Bruce Hankerson. Appellant contends that our decision in *State* v. *Hankerson* (July 3, 1989), Montgomery App. No. 10877, unreported, conflicts with *State* v. *Abi-Sarkis* (1988), 41 Ohio App. 3d 333, 535 N.E. 2d 745, and *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717.

We have previously decided that we must be cautious in certifying conflicts to the Supreme Court because to do so imposes upon the Supreme Court the duty to review the case. *Hubbuch* v. *Springfield* (App. 1939), 30 Ohio Law Abs. 125, 16 O.O. 174.

The *Abi-Sarkis* and *Martin* cases, like the case before us, involve a weight of the evidence review by a court of appeals. Significantly, the Ohio Supreme Court has been excused from any duty to weigh evidence in cases not involving its original jurisdiction. R.C. 2503.43.

The prerequisite for certifying a conflict is that "a judgment * * * [of the certifying court] is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state." Section 3(A)(4), Article IV of the Ohio Constitution. It is not enough that the *reasoning* expressed in the opinions of the two courts of appeals be inconsistent; the *judgments* of the two courts must be in conflict.

In the case before us, all we can conclude with any confidence is that we have employed a somewhat different test for reviewing the weight of the evidence than the courts of appeals in the *Abi-Sarkis* and *Martin* cases. We cannot say that we would have decided either of those cases differently on their facts than those courts of appeals did; nor can we conclude with any degree of confidence that either of those courts of appeals would have decided our case any differently employing their respective tests for weight of the evidence reviews. Consequently, we cannot conclude with that degree of confidence required for certification to the Ohio Supreme Court that our judgment is in conflict with the judgments in *State* v. *Abi-Sarkis* and *State* v. *Martin.*

*Motion denied.*

WILSON, BROGAN and FAIN, JJ., concur.