[Cite as *Thyroff v. Nationwide Mut. Ins. Co.*, 2016-Ohio-5715.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Louis E. Thyroff,                               :

       Plaintiff-Appellant,           :

v.                                              :               No. 15AP-1043
                                            (C.P.C. No. 14CV-1723)

Nationwide Mutual Insurance Company,   :

       Defendant-Appellee.            :               (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on September 8, 2016

---

Leickly Law, and James R. Leickly, for appellant.

Bricker & Eckler LLP, Quintin F. Lindsmith, and Ali I. Haque, for appellee.

---

ON APPLICATION FOR RECONSIDERATION,
APPLICATION FOR EN BANC CONSIDERATION, AND
MOTION TO CERTIFY A CONFLICT

TYACK, J.

{¶ 1} Plaintiff-appellant, Louis E. Thyroff, has filed an application for reconsideration of our decision in *Thyroff v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 15AP-1043, 2016-Ohio-4634, an application for en banc consideration, and a motion for an order certifying a conflict between our decision in *Thyroff* and the decision of the Fifth District Court of Appeals in *Tabler v. Martin,* 5th Dist. No. 2008CA00131, 2009-Ohio-1346. Defendant-appellee, Nationwide Mutual Insurance Company ("Nationwide") has filed a combined memorandum in opposition, and the matter is ripe for review. For the reasons that follow, Thyroff's applications and motion are denied.

## I. APPLICATION FOR RECONSIDERATION

{¶ 2} When presented with an application for reconsideration filed pursuant to App.R. 26, an appellate court must determine whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987), paragraph one of the syllabus. Reconsideration will be denied where the moving party simply seeks to "rehash the arguments [the party] made in its appellate brief." *Garfield Hts. City School Dist. v. State Bd. of Edn.*, 85 Ohio App.3d 117, 127-28 (10th Dist.1992). An appellate court will not grant " '[a]n application for reconsideration * * * just because a party disagrees with the logic or conclusions of the appellate court.' " *State v. Harris*, 10th Dist. No. 13AP-1014, 2014-Ohio-672, ¶ 8, quoting *Bae v. Dragoo & Assocs., Inc.*, 10th Dist. No. 03AP-254, 2004-Ohio-1297, ¶ 2.

{¶ 3} Thyroff argues that reconsideration is necessary because this court did not properly apply the doctrine espoused in *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001), that "*res judicata* is not a shield to protect the blameworthy."

{¶ 4} Contrary to Thyroff's assertion, this court did consider this argument. We both noted the standard and that Thyroff's "major contention on appeal" was "that Nationwide behaved reprehensibly by destroying his personal files and, therefore, it should not be permitted to benefit from the doctrine of res judicata." *Thyroff* at ¶ 32. We also noted that the doctrine of "[r]es judicata does not apply where fairness and justice would not support it." *State v. Harding*, 10th Dist. No. 13AP-362, 2014-Ohio-1187, ¶ 30, citing *Davis* at 491.

{¶ 5} This court then rejected Thyroff's claim that he should be allowed to come to Ohio to bring the same claims that were fully and fairly litigated in New York. We discussed the numerous opportunities Thyroff had to litigate for the monetary equivalent of the property that was destroyed, and we concluded that fairness did not dictate that Thyroff should be allowed to start over in Ohio after spending years litigating in New York. *Thyroff* at ¶ 34.

{¶ 6} Thyroff also claims that this court erred in finding his breach of contract claim was barred by res judicata because the Ohio claim and his New York claim required

different proofs. Thyroff characterized his Ohio claim for destruction of his files as one for breach of contract, and he characterized his New York claim for destruction of his files as one for conversion. In the New York action, Thyroff sought the return of his personal files that Nationwide allegedly converted. In the Ohio action, Thyroff sought money damages for the value of the personal files that were destroyed. We noted that whether Nationwide took the files and refused to return them or whether Nationwide took the files and destroyed them, under New York law, Thyroff's claim was one for conversion. *Id.* at 27. Thus, in bringing the Ohio action, Thyroff attempted to move to a new forum and relitigate under a different legal theory, the exact conduct that gave rise to his unsuccessful action in New York. *Id.* at ¶ 28.

{¶ 7}  Thyroff has failed to point to any obvious error that we failed to consider. As a result, we deny the application.

## II.  APPLICATION FOR EN BANC CONSIDERATION

{¶ 8}  Thyroff has moved this court to consider this case en banc, pursuant to App.R. 26(A)(2). An en banc proceeding is one in which all full-time judges of a court who have not recused themselves or otherwise been disqualified participate in the hearing and resolution of a case. App.R. 26(A)(2)(a); *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, ¶ 10. The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. App.R. 26(A)(2)(a); *McFadden* at ¶ 10, 15-16. These intradistrict conflicts arise when different panels of judges hear the same issue, but reach different results. *Id.* at ¶ 15. This "create[s] confusion for lawyers and litigants and do[es] not promote public confidence in the judiciary." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 18. An abuse of discretion standard applies to decisions on whether to grant en banc proceedings. *Id.* at ¶ 19.

{¶ 9}  App.R. 26(A)(2)(a) states as follows:

> Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. * * * Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.

{¶ 10} Thyroff argues that our prior decision is in conflict with *Johns 3301 Toledo Cafe, Inc. v. Liquor Control Comm.*, 10th Dist. No. 07AP-632, 2008-Ohio-394. *Johns 3301* involved two administrative proceedings revoking an establishment's liquor license. Both proceedings arose out of a 2002 sting operation in which the owner of a liquor store suspected his brother was stealing liquor from the store and selling it to the sole stockholder of the appellant, Johns 3301 Toledo Cafe. The liquor commission revoked the liquor permit of Johns 3301 Toledo Cafe, but that revocation was subsequently reversed by this court after finding prejudicial error because the theft occurred off-premises from the site of the liquor license. *Id.* at ¶ 5.

{¶ 11} Meanwhile, in a separate action arising out of the same events, the liquor commission revoked the appellant's license because the owner or his employee of Johns 3301 Toledo Cafe was convicted of receiving stolen property, a felony. That action came before this court on appeal, and the appellant argued res judicata applied to bar the second proceeding. *Id.* at ¶ 11.

{¶ 12} This court first recognized that the doctrine should not be used to shield the Johns 3301 Toledo Cafe from facing the consequences of the felony conviction. *Id.* at ¶ 32. This court then found that res judicata did not apply to bar the second proceeding because the first proceeding involved citations from the 2002 sting operation leading to a violation of Ohio Adm.Code 4301:1-1-52, but the second proceeding involved a felony conviction that was not rendered until 2003, after the first action had been commenced. *Id.* at ¶ 34. Moreover, liquor commission rules do not allow for amendment of the notice of opportunity for hearing or for consolidating the two actions. *Id.* at ¶ 35.

{¶ 13} The *Johns 3301* case does not create a conflict with the *Thyroff* case that necessitates en banc review. *Johns 3301* involved two separate proceedings under different administrative code sections that could not be brought simultaneously because the criminal conviction did not take place until after the initial proceeding was underway. The *Johns 3301* case is factually and legally distinct from the *Thyroff* case. We applied the "no shield for the blameworthy" analysis in *Thyroff* and came to a different conclusion based on the fact that Thyroff had multiple opportunities under New York law to bring all his claims related to the destruction of his files. Only after years of litigation in New York

where he eventually lost on all counts did he seek to move to another forum and begin to relitigate the same claim.

{¶ 14} Consequently, we deny the application for en banc review.

### III.  MOTION TO CERTIFY A CONFLICT

{¶ 15} Finally, Thyroff asks this court to certify a conflict between our decision in in *Thyroff* and the decision of the Fifth District Court of Appeals in *Tabler,* pursuant to App.R. 25.

{¶ 16} Article IV, Section 3(B)(4), of the Ohio Constitution governs motions seeking an order to certify a conflict.  It provides:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

{¶ 17} In *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594 (1993), the Supreme Court of Ohio held, pursuant to Article IV, Section 3(B)(4), Ohio Constitution and S.Ct.Prac.R. III, "there must be an actual conflict between appellate judicial districts on a rule of law before certification of a case to the Supreme Court for review and final determination is proper."  *Id.* at paragraph one of the syllabus.  The court further stated:

> [A]t least three conditions must be met before and during the certification of a case to this court pursuant to Section 3(B)(4), Article IV of the Ohio Constitution.  First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question."  Second, the alleged conflict must be on a rule of law--not facts.  Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

 (Emphasis *sic*.) *Id*. at 596.

{¶ 18} Thus, factual distinctions between cases are not a basis on which to certify a conflict.  *Id*. at 599.  "For a court of appeals to certify a case as being in conflict with another case, it is not enough that the reasoning expressed in the opinions of the two

courts of appeals be inconsistent; the judgments of the two courts must be in conflict." *State v. Hankerson*, 52 Ohio App.3d 73 (2d Dist.1989), paragraph two of the syllabus.

{¶ 19} Here, Thyroff asserts that the rule of law upon which a conflict exists is as follows:

> For *res judicata* purposes, where the Ohio Supreme Court doctrine that *res judicata* is "a rule of fundamental and substantial justice" and is not to be used as a "shield to protect the blameworthy" is at issue, does the doctrine mandate a separate, independent analysis and does that analysis focus on the conduct of the person or entity asserting the defense of *res judicata*?

(Thryroff Motion to Certify a Conflict at 3.)

{¶ 20} *Tabler* involves two loans that Carrie Tabler made to appellants, her niece and her niece's husband, that they used to purchase some real property. *Tabler* at ¶ 2. The first loan was for $54,000 and was secured by a promissory note that provided for a lump-sum payment 90 days after execution. *Id.* The appellants did not repay the loan within the time set forth in the note. *Id.* A little over one month after making the first loan, Tabler loaned the appellants another $104,000, which loan was also secured by a promissory note. *Id.* at ¶ 3. In order to make the loan, Tabler withdrew the funds from an annuity, incurring a $4,000 penalty. *Id.* The appellants repaid $100,000 of the loan but did not reimburse Tabler for the $4,000 penalty. *Id.*

{¶ 21} Tabler filed suit in municipal court to recover the $4,000 fee from the $100,000 loan. *Id.* at ¶ 4. At the time she filed suit, the appellants were in default on the $54,000 loan. *Id.* at ¶ 5. The municipal court found the $100,000 loan had been satisfied by the repayment of the $100,000 along with a notation on the promissory note indicating the note had been cancelled. *Id.* at ¶ 4.

{¶ 22} Approximately one year later, Tabler filed suit in common pleas court for the money owed on both loans, later amended to just the money owed on the $54,000 loan. *Id.* at ¶ 6. The appellants asserted that the claim was barred by res judicata and collateral estoppel. *Id.* at ¶ 7. The trial court entered judgment for Tabler, and the appellants appealed contending that both loans arose out of a common nucleus of facts and that the $54,000 loan was in default at the time of the first litigation. *Id.* at ¶ 8, 12.

{¶ 23} The court of appeals found that the appellants failed to demonstrate that the two loans arose from the same transaction. *Id.* at ¶ 15. It found that each loan was a separate transaction separated in time and evidenced by the execution of separate promissory notes. *Id.*

{¶ 24} The court then noted that res judicata is not a shield for the blameworthy, stated that it is to be applied in particular situations as fairness and justice require, and is not to be applied so rigidly as to defeat the ends of justice or to work an injustice. *Id.* at ¶ 16. The court then concluded that the trial court did not err in finding the action was not barred by the doctrine of res judicata. *Id.* at ¶ 17.

{¶ 25} We cannot find a conflict between the rule of law espoused in *Tabler* as compared to *Thyroff.* Both courts applied the same analysis, but came to different conclusions based on the factual differences in the cases.

{¶ 26} As the judgments from *Thyroff* and *Tabler* are not in conflict, we deny the motion to certify a conflict.

*Application for reconsideration denied;*
*application for en banc consideration denied;*
*motion to certify a conflict denied.*

DORRIAN, P.J., and HORTON, J., concur.