## JOHNSON v INDUSTRIAL COMMISSION OF OHIO

Ohio Appeals, 2nd Dist, Franklin Co

No 2956.   Decided February 27, 1939

James F. Henderson, Columbus, for plaintiff-appellee.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, David B. Sharp, Columbus, and E. B. Paxton, Asst. Pros. Atty., Columbus, for defendant-appellant.

### OPINION

By GEIGER, J.

. Plaintiff appellee move the Court for an order certifying this cause to the Supreme Court for the reason that the decision and judgment of this Court is in conflict with the decision and judgment of the Court of Appeals of the Third District in the case of Esmonde v Lima Locomotive Works, 51 Oh Ap. Rep. 454; 5 O. Op., 415.

· This motion requires an examination of the constitutional provision and of the case

with which it is claimed the decision of this court is in conflict. Sec. 6 of Art. IV of the Constitution provides:

" * * * and whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with the judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the Supreme Court for review and final determination."

This provision of the Constitution places upon the court so certifying the responsibility of determining whether or not there is an actual conflict between the judgment, the record of which is sought to be certified, and the judgment pronounced by another Court of Appeals. If the court certifies the record to the Supreme Court the duty is imposed upon that court to review the cause certified and finally determine which of the two courts has correctly decided the question of law. No discretion is reposed in the Supreme Court to determine whether or not there is an actual conflict. The Supreme Court must proceed to final determination when the lower court has certified that there is a conflict between its judgment and the judgment of some other court.

It will be observed that the "conflict" must be upon the judgments of the two courts "upon the same question".

A court desiring to secure a review of its decision by the Supreme Court may be tempted to certify the case as in conflict, thus assuring a final determination by the Supreme Court. The court, however, has no right to thus secure a review of its decisions unless as a matter of fact there is an actual conflict, on the same legal question.

In the case at bar the plaintiff-appellee seeks to secure a certificate of this court that the decision of this court is in conflict with the decision of the Court of Appeals of the Third District. Both cases involve an action by an injured workman against the Industrial Commission of Ohio. In the case at bar it was alleged that the thumb of the workman ·was bruised and lacerated resulting in a compensable injury, and that while in the process of healing a substance in the wound broke off and entered the blood stream, causing a hemorrhage resulting in paralysis, and that the injury was the proximate cause of said hemorrhage and paralysis.

The judgment pronounced by the Court of Appeals of the Third District involved the original injury to the working man.

The Court of Appeals of the Third District determined that the facts warranted the submission of the question to the jury, whereas in the case at bar the court held that the motion for a directed verdict should have been sustained. Herein lies the asserted conflict. The paramount question is whether the two judgments were upon "the same question" of law. This court in its opinion stated that "the solution of the case must depend upon the testimony of the physicians. The verdict must be supported by some competent statement that the paralytic condition resulted from the injured thumb". The court held that there was no evidence in the record to indicate a proximate causal connection between the injury and the paralytic condition. In the Third District case there was considerable evidence in relation to the accident in addition to the medical testimony. Both cases involved medical testimony. The Court in the Third District case states:

"From the facts in evidence other than the medical testimony the jury was authorized in drawing an inference that the strain caused the dilation and this evidence, together with the medical testimony, warranted the submission of the question to the jury. * * *"

The patent differentiation between the two cases is that the facts are not the same. In the case at bar the Court determined that the solution of the case must depend upon the testimony of the physicians, whereas in the Third District case the Court reached its conclusion by considering facts and evidence in addition to the medical testimony. We are quite in harmony with the decision in the Esmonde case and had like facts been presented to this Court it unquestionably would have held that the motion for a directed verdict should have been overruled.

It is quite apparent that if this Court should now hold that the decision in the instant case is in conflict with the Esmonde case, that it would logically follow that the Court should now reverse itself and hold that the case should be submitted to a jury rather than be determined upon the motion for a directed verdict.

We therefore are driven to the conclusion that there is as a matter of fact no "conflict" between the two decisions, and that the motion to certify a conflict must be overruled. Entry accordingly.

BARNES, J, concurs.
HORNBECK, PJ, dissents.

**ON APPLICATION FOR REHEARING**

Decided February 27, 1939

BY THE COURT:

This matter is before the court on an application for rehearing on the ground that the medical testimony was positive and not indefinite and that the case was heard without oral argument. In considering the application the court has re-examined its former decision in this matter and discovers no reason so far as the merits of the case are concerned to grant a rehearing.

One of the grounds for rehearing is that there was no oral argument. We have consistently held that the fact that the case was not orally argued does not furnish a ground for rehearing.

Application denied.

Counsel have submitted an entry which will be approved.

GEIGER & BARNES, JJ, concur.
HORNBECK, PJ, dissents.