[Cite as *Cairelli v. Brunner*, 2019-Ohio-1511.]

COURT OF APPEALS
FRANKLIN COUNTY, OHIO
TENTH APPELLATE DISTRICT


| | |
|---|---|
| SANDRA K. CAIRELLI | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | |
| -vs- | Sitting by Assignment by the Ohio<br>Supreme Court |
| RICK L. BRUNNER, et al. | Case No. 18 AP 000164 |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:        Civil Appeal from the Franklin County Court
                                of Common Pleas, 14 CV 007770


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         May 7, 2019


APPEARANCES:

For Plaintiff-Appellant                 For Defendants-Appellees

ROBERT G. KENNEDY                       PATRICK M. QUINN
4924 B-Reed Road                        BRUNNER QUINN
Columbus, Ohio  43220                   35 North Fourth Street
                                        Suite 200
B. CASEY YIM                            Columbus, Ohio  43215
18201 Von Karman, Suite 1100
Irvine, California  92612

*Wise, J.*

{¶1}   Appellant Sandra K. Cairelli appeals the September 12, 2017, decision entered in the Franklin County Court of Common Pleas denying Appellant's motion for summary judgment and granting summary judgment in favor of Appellees Richard and Jennifer Brunner.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The facts as presented to the trial court are as follow.

{¶3}   In June, 1984, Richard and Jennifer Brunner and Sandra K. Cairelli entered into a lease agreement for the real property commonly known as 1318 Ashland Avenue, Columbus, Ohio, 43212, owned by Ms. Cairelli. The Brunners leased the property until approximately October of 1987. At the time the parties entered the lease agreement, the Brunners were granted a right of first refusal (ROFR) to purchase the property.

{¶4}   A "Memorandum of Lease" was filed with the Franklin County Recorder which recites that Appellees were granted a right of first refusal "upon certain terms and conditions set forth in an independent and self-sustaining covenant contained in the aforementioned now unrecorded lease agreement." In June, 2014, Ms. Cairelli entered into a purchase agreement with Andrew and Deidre Allman for the sale of the Ashland Avenue property for $276,000: $275,000 to be paid by the buyers and $500 each from the real estate agents for the parties.  The Allmans agreed to purchase the property "as is". The title search revealed the above-referenced 1984 Memorandum as a cloud on the title.

{¶5}   On or about July 2, 2014, Ms. Cairelli contacted the Brunners about releasing the recorded Memorandum, but they refused.

**{¶6}** On July 15, 2014, Ms. Cairelli sent the Brunners a "Mitigation Offer" to allow them to purchase the property. The Brunners did not accept the offer.

**{¶7}** On July 25, 2014, Ms. Cairelli filed a Complaint to Quiet Title, For Injunctive Relief, Slander of Title, Tortious Interference with Contract and Fraud. Ms. Cairelli also filed Motion for Temporary Restraining Order and Preliminary Injunction, seeking to have the Memorandum of Lease and Right of First Refusal removed from the Franklin County Recorder's Office to clear the title so that she could sell the property.

**{¶8}** On July 27, 2014, a hearing was held on the Motion for Temporary Restraining Order.

**{¶9}** On July 30, 2014, the trial court conducted a status conference with the parties.

**{¶10}** By Judgment Entry filed July 31, 2014, the trial court denied the motion for a temporary restraining order. As reflected in the trial court's Entry, neither party had been able to locate and/or produce the Lease Agreement, ROFR or "surrender of possession" documents. The trial court ordered the parties to produce these documents within 14 days. The trial court also set another status conference for August 19, 2014.

**{¶11}** On August 7, 2014, Ms. Cairelli renewed her Motion for a Temporary Restraining Order. This renewed Motion stated that it was "premised upon the August 1, 2014 Supplemental Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction, which incorporated the affidavits of BC Yim and Kiki Street Kullman and affirmatively established that Defendants have rejected the ability to 'meet or beat' the existing terms and conditions of the Allman's proposed purchase of real property commonly known as 1318 Ashland Avenue, Grandview Heights, Ohio."

**{¶12}** On August 22, 2014, a hearing was held on Ms. Cairelli's Motion for Temporary Restraining Order. At the beginning of the hearing, the trial court stated the purpose of the hearing was to determine whether or not a right of first refusal exists in this case, and if so, what terms of such ROFR needed to be applied to this situation.

**{¶13}** The trial court heard testimony from Andrew Allman and Richard Brunner. Mr. Allman testified to the terms of the offers and subsequent negotiations between him and Appellee for the purchase of 1318 Ashland Avenue and to establish that Ms. Cairelli allegedly complied with any right of first refusal because the Brunners were eventually offered "the purchase contract as it existed" on July 15th, 2014, with the Allmans, almost one (1) month after being entered and after various waivers and contingencies were satisfied. (T. at 5).

**{¶14}** Ms. Cairelli did not testify, as she now lives in Orange County, California. No objection was raised to the hearing proceeding without Cairelli present. Cairelli was, however, subject to cross-examination during her deposition conducted in November, 2014.

**{¶15}** On August 26, 2014, the parties filed post-hearing briefs.

**{¶16}** On February 6, 2015, the trial court filed its Judgment Entry Quieting Title in Plaintiff's Favor and Denying as Moot Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction.

**{¶17}** The Brunners appealed the trial court's decision. By Opinion and Entry dated August 25, 2016, this Court affirmed the decision of the trial court quieting title. See *Cairelli v. Brunner*, 10th Dist. No. 15AP-854. The Ohio Supreme Court declined discretionary review.

**{¶18}** Following remand from this Court, the trial court considered the competing motions for summary judgment on the remaining causes of action, which had been filed prior to the first appeal.

*Promissory Fraud – Count Four*

**{¶19}** On January 16, 2015, the Brunners, Appellees in this appeal, filed a motion for summary judgment on Appellant Sandra Cairelli's claim for Promissory Fraud.

**{¶20}** On February 16, 2015, Appellant Cairelli filed a Memorandum Contra and Cross Motion for Summary Judgment.

**{¶21}** On February 23, 2015, Appellees filed a Reply in support of their motion.

**{¶22}** On February 25, 2015, Appellant filed a Reply in support of her Cross-Motion for Summary Judgment.

**{¶23}** On March 2, 2015, Appellees filed a Memorandum Contra to Appellant's Cross-Motion for Summary Judgment.

*Slander of Title – Second Cause of Action*

**{¶24}** On January 21, 2015, Appellees filed a motion for summary judgment on Appellant's claim for slander of title.

**{¶25}** On February 23, 2015, Appellant Cairelli filed a Cross-Motion for Summary Judgment and Opposition Contra.

**{¶26}** On March 2, 2015, Appellees filed their Reply in Support of their Motion for Summary Judgment.

**{¶27}** On March 9, 2015, Appellees filed a Notice of Incorporation.

**{¶28}** On March 18, 2015, Appellant Cairelli filed a Reply in support of her Cross-Motion for Summary Judgment.

*Tortious Interference with Contract – Third Cause of Action*

**{¶29}** On February 6, 2015, Appellees filed a summary judgment on Appellant Cairelli's claim for tortious interference with contract.

**{¶30}** On March 6, 2015, Appellant Cairelli filed a Cross-Motion for Summary Judgment and Opposition Contra.

**{¶31}** On March 13, 2015, Appellees filed their Reply in Support of Defendant's Motion for Summary Judgment.

**{¶32}** On March 18, 2015, Appellant filed a Reply in Support of Cross-Motion.

**{¶33}** On March 20, 2015, Appellees filed a Memorandum Contra Plaintiffs Cross-Motion for Summary Judgment.

**{¶34}** On March 26, 2015, Appellant filed a supplemental reply in support of her Cross-Motion for Summary Judgment.

**{¶35}** Following remand, by Judgment Entry filed September 12, 2017, the trial court granted the Brunners' motions for summary judgment as to Cairelli's claims for slander of title and tortious interference with contract claims. (Decision/Entry on Pending Motions, September 12, 2017).

**{¶36}** As to the slander of title claim, the trial court held that:

It is undisputed that the Memorandum of Lease was executed by all parties prior to it being recorded in July of 1984. Because [Appellant] signed her name to that document she cannot now claim it was false, or that the statements therein were slanderous and made with malice. Furthermore, the date when the lease was terminated and the date when the Court quieted title in favor of [Appellant] are irrelevant for the purpose of

considering the merits ... because the relevant time is the date of publication of the allegedly false/slanderous statement ... [Appellant] cannot prevail on a slander of title claim merely because the document she and [Appellees] previously signed delayed her ability to sell and transfer clean title to her property. (Decision, September 12, 2017, at 14-15).

**{¶37}** As to the tortious interference claim:

As demonstrated by the attachments to the Complaint, the agreement [Appellant] had with the Allmans was conditioned upon [Appellant] conveying free and clear title to the Ashland Avenue property. Because [Appellant] was unable to satisfy that condition, her agreement with the Allmans lapsed, or rather, was left incomplete. As that agreement was not completed, there is no contractual breach for which [Appellees] could be liable ... [E]ven assuming the agreement with the Allmans was a contract, [Appellant's] tortious interference claim would nevertheless fail as [Appellees] believed they had a valid [right of first refusal] and documentation to support that belief. (Decision, September 12, 2017, at 17).

**{¶38}** The trial court also found a genuine issue of material fact with respect to Appellant's promissory fraud claim. This claim proceeded to trial and was resolved with a directed verdict for Mr. Brunner and a unanimous jury verdict for Ms. Brunner. (Final Judgment Entry, February 9, 2018).

**{¶39}** Appellant Cairelli now appeals to this Court, challenging only the trial court's grant of summary judgment to Appellees on the claims for slander of title and tortious interference assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶40} "I. THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF'S SECOND CAUSE OF ACTION FOR SLANDER OF TITLE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, ON THE GROUNDS THAT THE SUBJECT ROFR WAS VALID WHEN IT WAS ORIGINALLY FILED, BUT DID NOT BECOME "INVALID" OR SLANDEROUS UNTIL AFTER THE POINT IN TIME WHEN DEFENDANTS MOVED OUT OF THE SUBJECT PROPERTY IN OCTOBER 1987, AND CEASED PAYING ANY RENT OR OTHER CONSIDERATION TO CONTINUE THE ROFR THEREAFTER.

{¶41} "II. THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION AND DISMISSING PLAINTIFF'S CLAIMS FOR TORTIOUS INTERFERENCE WITH CONTRACT BY ERRONEOUSLY TREATING THE DEFENDANTS' REFUSAL TO REMOVE THE INVALID ROFR ENCUMBERING APPELLANT'S TITLE TO THE SUBJECT PROPERTY TO BE MERELY PREVENTION OF A "CONDITION" TO THE EXISTENCE OF THE CONTRACT, AS OPPOSED TO A CONTRACT OBLIGATION TO TRANSFER OF CLEAR TITLE; EITHER WAY, THE UNDERLYING ALLMAN CONTRACT WAS LOST.

{¶42} "III. THE TRIAL COURT ERRED BY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE THIRD CAUSE OF ACTION FOR TORTIOUS INTERFERENCE, BASED SOLELY ON "INTERFERENCE WITH CONTRACT" WITHOUT CONSIDERING THE ALTERNATIVE INTERFERENCE TORT OF "INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE", WHICH DOES NOT REQUIRE A CONTRACT OR BREACH."

<u>Summary Judgment Standard of Review</u>

**{¶43}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.

**{¶44}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the

moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶45} It is based upon this standard that we review Appellant's assignments of error.

## I.

{¶46} In her first assignment of error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellees on her claim for slander of title. We disagree.

{¶47} In her second cause of action in her Complaint, Appellant alleged:

Defendants Rick L. Brunner and Jennifer L. Brunner's failure to take steps to remove the subject Memorandum constitutes a false statement (i.e., that the Lease and right of first refusal remain(s) in effect and/or that Defendants have a legal and/or equitable interest in the subject property), that has been published with malice, is false, and has caused and will continue to cause special monetary damages to Plaintiff. (Complaint at ¶38).

{¶48} To prevail on a claim of slander of title claim, the plaintiff must prove "(1) there was a publication of a slanderous statement disparaging claimant's title; (2) the statement was false; (3) the statement was made with malice or made with reckless disregard of its falsity; and (4) the statement caused actual or special damages." *Green v. Lemarr*, 139 Ohio App.3d 414, 430–431, 744 N.E.2d 212 (2d Dist.2000).

**{¶49}** Upon review, we find that at the time the Memorandum of Lease was recorded in July, 1984, it was not slanderous or false. Rather, such document, having been executed by Appellant and Appellees, demonstrated that a valid lease existed and that statements made therein were not false.

**{¶50}** While Appellant tries to argue that the title has been slandered by virtue of Appellees' "continuation" of the ROFR as a cloud on the title after Appellees moved out of the premises in October, 1987, and ceased paying rent or other consideration to continue the ROFR, such argument fails. The relevant time period for a cause of action for slander of title is the time of publication, that being the time a document is filed with recorder. It is well-established that slander of title occurs at the time the offending document is filed with the recorder. *Smith Elec. v. Rehs*, 9th Dist. Summit No. 18433, 1998 WL 103334; *See, e.g., Wendover Property Owners, supra; Hatfield v. the Orville Savings Bank, supra. See*, also, *Doyle Walters Distributors, Inc. v. Marathon Petroleum Co.* (Sept. 29, 1992), Richland App. No. 92-CA-2, unreported; *Cardinal Fed. S. & L. Assoc. v. Michaels Bldg. Co.* (May 8, 1991), Summit App. No. 14521, unreported, at 27.

**{¶51}** Here, at the time the Memorandum of Lease was filed with the recorder, such document and the statement contained therein were not false or slanderous. As such, Appellant's claim for slander of title fails.

**{¶52}** Appellant's first assignment of error is overruled.

**II., III.**

**{¶53}** In her second and third assignments of error, Appellant argues the trial court erred in granting summary judgment in favor of Appellees on her tortious interference with contract claims. We disagree.

**{¶54}** In her third cause of action in her Complaint, Appellant alleged:

Defendants Rick L. Brunner and Jennifer L. Brunner knew and understood that Plaintiff could not consummate any sale transaction of the subject property to any prospective buyer as long as the Memorandum remained as a cloud on title to the subject property.

Defendants Rick L. Brunner and Jennifer L. Brunner's wrongful failure and refusal to execute a Release to Plaintiff, or to take any other steps to remove the improper Memorandum clouding Plaintiff's title has prevented Plaintiff from consummating the sale transaction with her present buyers (the Allmans). (Complaint at ¶41-42.)

**{¶55}** The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages. *Fred Siegel Co., L.P.A. v. Arter & Hadden,* 85 Ohio St.3d 171, 707 N.E.2d 853 (1999), paragraph one of the syllabus.

**{¶56}** To satisfy the third element, it is essential that the plaintiff show that the defendant *intended* to cause a breach of contract. *Gosden v. Louis,* 116 Ohio App.3d 195, 224 (9th Dist.1996), citing Restatement of the Law 2d, Torts, Section 766, Comment h (1979) ("[i]f the actor does not have this intent, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other.")

**{¶57}** "Establishment of the fourth element of the tort of tortious interference with contract, lack of justification, requires proof that the defendant's interference with

another's contract was improper." *Id.* at paragraph two of the syllabus. In determining whether an actor's interference with another's contract is improper, the Ohio Supreme Court has adopted "Section 767 of the Restatement, which provides guidelines to be followed." *Id* at 178.

{¶58} In the instant case, as found by the trial court, the agreement between Appellant and the Allmans was conditioned upon Appellant being able to convey free and clear title to the real property. As Appellant was unable to meet such condition precedent, a completed contract was never formed and therefore no breach of contract occurred. Without a breach of contract there can be no tortious interference with contract. Tortious interference with a contract requires that there be a breach of a contract. *Sony Elecs., Inc. v. Grass Valley Group, Inc.*, 1st Dist. Hamilton No. C-010133, 2002-Ohio-1614.

{¶59} The trial court in this case also found that, even assuming a breach, Appellant's tortious interference claim would still fail because Appellees initially believed they had a valid ROFR. Proof of such lack of justification is required to support a claim for tortious interference with contract. Appellant has not challenged this finding.

{¶60} Lastly, Appellant argues that the trial court failed to consider or address the alternative tort of interference with prospective business advantage which does not require a contract or breach thereof.

{¶61} Upon review, we find Appellant failed to plead a cause of action for interference with prospective business advantage. As there was no cause of action for such tort pled, the trial court did not consider or address same and we will likewise refrain from so doing. It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal; such issues are deemed waived. *Schottenstein v.*

*Schottenstein,* Franklin App. No. 02AP–842, 2003–Ohio–5032, ¶8, citing *State v. Burge,* 88 Ohio App.3d 91, 93, 623 N.E.2d 146 (10th Dist.1993).

**{¶62}** Based on the foregoing, we find that the trial court did not err in granting Appellees' Motion for Summary Judgment while denying that filed by Appellant.

**{¶63}** Appellant's second and third assignments of error are overruled.

**{¶64}** Accordingly the judgment of the Franklin County Court of Common Pleas is affirmed.

By: Wise, J.

Baldwin, J., concurs.

Hoffman, P. J., concurs separately.

Sitting by Assignment by the Ohio
Supreme Court

/S/ Honorable John W. Wise_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

/S/ Honorable Craig R. Baldwin_____
HON. CRAIG R. BALDWIN

JWW/d 0402

*Hoffman, P.J., concurring*

{¶65} I concur in the majority's analysis and disposition of Appellant's first and third assignments of error.

{¶66} I further concur with the majority's disposition of Appellant's second assignment of error.

{¶67} The majority finds a completed contract was never formed; therefore, no breach of contract occurred. (Maj. Op. at ¶58). I disagree. I find there was a valid purchase agreement [contract] formed. The Allmans were prepared to fulfil their obligations under the contract but were relieved of their obligations thereunder because of Appellant's failure to satisfy her obligations thereunder. The fact the Allmans chose not to sue Appellant for breach of contract and/or specific performance did not relieve Appellant of her obligation to perform under the contract. If Appellees' actions caused Appellant to fail to perform her obligations under the purchase agreement, I maintain they interfered with the contact.

{¶68} Despite my disagreement with the majority on this issue, I concur in its decision overruling the second assignment of error on the basis the trial court found Appellees were justified in their belief they had a valid right of first refusal; *i.e.,* they did not tortiously interfere with the contract.

/S/ Honorable William B. Hoffman
HON. WILLIAM B. HOFFMAN