[Cite as *O'Brien v. Ashley*, 2021-Ohio-4064.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevin O'Brien, et al., | : | |
| Plaintiffs-Appellants, | : | No. 20AP-533 |
| | | (C.P.C. No. 20CV-5032) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Stacia Ashley, et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 16, 2021

**On brief:** Jeffrey A. Catri Co., L.L.C. and *Jeffrey A. Catri* for appellants. **Argued:** *Jeffrey A. Catri.*

**On brief:** Ice Miller LLP*, John P. Gilligan*, and *Amy Flowers* for appellee Stacia Ashley. **Argued:** *John P. Gilligan.*

**Argued:** Organ Law, L.L.P. and *Ashley T. Merino* for appellees Scott Torguson and Gregory Reichenbach.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiffs-appellants, Kevin O'Brien and Kevin O'Brien & Associates Co., L.P.A. (collectively "O'Brien"), appeal from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by defendants-appellees, Stacia Ashley, Scott Torguson, and Gregory Reichenbach (collectively "appellees"). We conclude the complaint failed to state claims on which relief could be granted; therefore, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The long and winding road to the present appeal began in September 2013, when Ashley obtained a loan of $1,998.31 from 1st National Financial Services, Ltd.

("1st National").[1]  *1st Natl. Fin. Servs. v. Ashley* ("*Ashley III*"), 10th Dist. No. 18AP-803, 2019-Ohio-5321, ¶ 2.  In September 2014, 1st National, represented by O'Brien, sued Ashley in the Franklin County Municipal Court, alleging she had defaulted on the loan.  *Id.*  Shortly before the scheduled trial, 1st National and Ashley settled the case; as part of the settlement, Ashley executed a cognovit promissory note stipulating the note "represents the settlement of a commercial matter and * * * is not given for a consumer loan, transaction or debt." (Ex. 1, Aug. 03, 2020 Compl.)

{¶ 3}  On April 27, 2015, 1st National, again represented by O'Brien, sued Ashley a second time in the municipal court, alleging she defaulted on the cognovit note ("the cognovit case").  *Ashley III* at ¶ 3.  Pursuant to the terms of the cognovit note, O'Brien filed an answer on Ashley's behalf confessing judgment.  The municipal court entered judgment in favor of 1st National for $1,073.70 on April 30, 2015.  *Id.*  1st National instituted wage garnishment against Ashley to collect on the judgment.

{¶ 4}  On September 9, 2015, Ashley, represented by Torguson, moved to vacate the municipal court's April 30, 2015 judgment.  Ashley alleged the municipal court lacked subject-matter jurisdiction over the cognovit case, asserting she had originally obtained a consumer loan and a cognovit note could only arise out of a commercial loan.  *Id.* at ¶ 4.  In support of the motion, Ashley executed an affidavit ("Ashley affidavit") asserting the funds from the original loan were used for "family and household purposes" and she signed the cognovit note believing it was a "simple settlement agreement."  (Ex. 2, Compl.)  In November 2015, 1st National filed a satisfaction of judgment, asserting it had received all or substantially all the funds sought through garnishment, and a memorandum in opposition to Ashley's motion to vacate.  *Ashley III* at ¶ 4.  The municipal court subsequently issued an entry stating all pending motions were moot.  *Id.* at ¶ 5.  Ashley appealed and this court reversed, holding the municipal court erred by dismissing Ashley's motion as moot without examining whether it had subject-matter jurisdiction.  *Id.* at ¶ 6, citing *1st Natl. Fin. Servs. v. Ashley* ("*Ashley I*"), 10th Dist. No. 16AP-18, 2016-Ohio-5497.

{¶ 5}  On remand from *Ashley I*, the municipal court conducted an evidentiary hearing on the motion to dismiss.  Following the hearing, the municipal court issued

---

[1] In ancillary litigation, O'Brien asserts Ashley used $998.31 of the proceeds from the September 2013 loan to pay off *another* loan she had previously obtained from 1st National.  *See Kevin O'Brien & Assocs. Co., LPA v. Young*, 10th Dist. No. 20AP-393 (Complaint for Writs of Mandamus and Prohibition filed August 21, 2020).

judgment in favor of 1st National, concluding Ashley failed to sustain her burden to prove the cognovit note arose out of a commercial loan. *Id.* at ¶ 7. Ashley appealed and this court again reversed, holding the municipal court erred by placing the burden of proof on Ashley. *Id.* at ¶ 8, citing *1st Natl. Fin. Servs. v. Ashley* ("*Ashley II*"), 10th Dist. No. 17AP-638, 2018-Ohio-3134.

{¶ 6} On remand from *Ashley II*, the municipal court again issued judgment in favor of 1st National, concluding it sustained its burden to prove the court had subject-matter jurisdiction over the cognovit note. *Id.* at ¶ 9. Ashley again appealed, asserting the municipal court abused its discretion by denying her motion to dismiss. *Id.* In a decision issued on December 24, 2019, this court overruled Ashley's assignment of error and affirmed the municipal court's judgment, concluding 1st National met its burden and demonstrated the municipal court had subject-matter jurisdiction because the cognovit note did not arise out of a consumer loan or transaction. *Id.* at ¶ 18.

{¶ 7} On February 20, 2016, while her first appeal from the cognovit case was pending, Ashley, represented by Torguson and Reichenbach, filed a complaint against O'Brien in the Franklin County Court of Common Pleas, alleging violations of the federal Fair Debt Collection Practices Act ("the FDCPA case"). *See Ashley v. Kevin O'Brien & Assocs. Co., LPA*, Franklin C.P. No. 16CV-1795 (Aug. 27, 2020). Ultimately, following this court's ruling in *Ashley III*, Ashley voluntarily dismissed her FDCPA claim without prejudice. O'Brien then moved for sanctions against Ashley and her attorneys. Various motions related to the sanctions proceedings have been filed, and an appeal is currently pending before this court regarding the common pleas court's decision on some of those motions. *See Ashley v. Kevin O'Brien & Assocs. Co., LPA*, 10th Dist. No. 20AP-354. O'Brien also has filed an original action in this court seeking writs of mandamus and prohibition against Judge David C. Young, to prevent him from allowing Ashley and her attorneys to conduct discovery in the sanctions proceedings in the FDCPA case. *See Kevin O'Brien & Assocs. Co., LPA v. Young*, 10th Dist. No. 20AP-393.

{¶ 8} In August 2020, O'Brien filed the complaint giving rise to the present appeal, asserting claims against appellees for fraud and conspiracy to commit fraud. O'Brien alleged the Ashley affidavit was "false and perjurious," and that Ashley, Torguson, and Reichenbach conspired to commit fraud by filing the Ashley affidavit in support of the

support of the motion to vacate in the cognovit case. (Compl. at ¶ 27, 29.) O'Brien further asserted appellees conspired to commit fraud by filing the FDCPA case. O'Brien claimed appellees "engaged in egregious misconduct and perpetrated a fraud upon Judge Morehart of the Franklin County Municipal Court, the Plaintiffs and First National Financial Services, Ltd." (Compl. at ¶ 42.) O'Brien alleged he "incurred over one hundred thousand dollars ($100,000.00) in legal expense[s]" contesting the motion to vacate in the cognovit case, the three appeals to this court from judgments in the cognovit case, and the FDCPA case. (Compl. at ¶ 40.)

{¶ 9} Appellees moved to dismiss the complaint, asserting it was barred by the statute of limitations because it was not filed within four years of the allegedly fraudulent acts. They further argued the complaint failed to state a claim on which relief could be granted because O'Brien failed to establish he justifiably relied on the allegedly fraudulent affidavit, and the derivative claim for conspiracy to commit fraud could not survive absent a valid fraud claim. O'Brien filed a memorandum in opposition, asserting his claims were not barred by the statute of limitations because he "had no damages which were occasioned by the conduct of Ashley and her lawyers" until this court's ruling in *Ashley III*. (Sep. 24, 2020 Pl.s' Memo. Contra Def.s' Mot. to Dismiss at 4). O'Brien further argued his complaint stated a valid claim for fraud because the Ashley affidavit was executed and filed with the intent to mislead the municipal court judge.

{¶ 10} The common pleas court granted appellees' motion to dismiss, concluding O'Brien's claims were barred by the statute of limitations because they were not filed within four years of the allegedly fraudulent acts. The common pleas court also found O'Brien failed to state claims on which relief could be granted because he failed to allege he detrimentally relied on the allegedly fraudulent statements and because the conspiracy to commit fraud claim could not be maintained without the underlying fraud claim. O'Brien timely appealed the common pleas court's grant of appellees' motion to dismiss.

## II. ASSIGNMENTS OF ERROR

{¶ 11} O'Brien assigns the following as error:

> [1.] Plaintiff[s]/appellants' fraud and conspiracy to commit fraud claims were timely filed and are not barred by the four (4) year statute of limitations contained in Section 2305.09(C), R.C.

[2.] Appellants have alleged the necessary element of reliance in their claim for fraud and conspiracy to commit fraud.

[3.] Appellees moved for, and received, a stay of proceedings in case no.: 16 CV 1795 to appeal the characterization of Ashley's debt to First National Financial; the time within which the case was stayed does not count against appellants' statute of limitations.

## III. STANDARD OF REVIEW

{¶ 12} Under Civ.R. 12(B)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 16AP-550, 2017-Ohio-5531, ¶ 10. A motion to dismiss under Civ.R. 12(B)(6) "tests the sufficiency of the complaint." *Id.* "[I]n reviewing a Civ.R. 12(B)(6) dismissal, an appellate court looks to the complaint, presumes that the complaint's factual allegations are true, and makes all reasonable inferences in the nonmoving party's favor." *Id.* "A judgment granting a Civ.R. 12(B)(6) motion to dismiss may be affirmed only when there is no set of facts under which the nonmoving party could recover." *Id.* "Where the motion to dismiss is based on the application of a statute of limitations, the motion may be granted when the complaint shows conclusively on its face that the action is time-barred." *Henton v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-768, 2017-Ohio-2630, ¶ 7.

## IV. LEGAL ANALYSIS

{¶ 13} We begin with O'Brien's second assignment of error, which we find to be dispositive of this appeal. In his second assignment of error, O'Brien asserts the trial court erred by finding he failed to plead the necessary element of justifiable reliance in his fraud claim. The elements of a fraud claim are:

(1) a representation or, where there is a duty to disclose, concealment of a fact, (2) the representation was material to the transaction, (3) the representation was made falsely, with knowledge of its falsity, or with such disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) the representation was made with the intent of misleading another into relying on it, (5) justifiable reliance on the representation or concealment, and (6) an injury proximately caused by the reliance.

*Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶ 33, citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475 (1998).

{¶ 14} O'Brien asserts the fraud in the cognovit case was "committed against [1st National] and against Judge Morehart, not against [O'Brien]." (Appellant's Brief at 32.) O'Brien's complaint alleged the Ashley affidavit was filed "with the intent of misleading another, specifically, the Court (Judge Morehart), into relying upon it." (Compl. at ¶ 37.) O'Brien further alleged in the complaint that "there was justifiable reliance by the Court (Judge Morehart) upon the affidavit submitted by Ashley and her Counsel." (Compl. at ¶ 39.) O'Brien argues this was sufficient to establish the reliance element of a fraud claim.

{¶ 15} "It is well-established law in Ohio that a fraud claim may not be based on a misrepresentation made to a third party." *Wiles* at ¶ 37. " 'The elements of fraud must be directed against the alleged victim.' " *Id.* at ¶ 33, quoting *Moses v. Sterling Commerce Am., Inc.*, 10th Dist. No. 02AP-161, 2002-Ohio-4327, ¶ 21. Accordingly, we have held " '[a] plaintiff fails to state a valid cause of action for fraud when he alleges that a *third party* relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance.' " (Emphasis added.) *Id.*, quoting *Moses* at ¶ 21. Similarly, the Supreme Court of Ohio has stated "a fraud claim cannot be predicated on * * * misrepresentations made to third parties." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 68.

{¶ 16} O'Brien asserts the alleged misrepresentations were made to Judge Morehart of the municipal court, with the intent of inducing her to rely on them. O'Brien makes no claim that the misrepresentations were made to him, that there was intent to mislead him to rely on them, or that he justifiably relied on them. Rather, the complaint and the record in the cognovit case demonstrate both O'Brien and 1st National vigorously disputed the claims in the Ashley affidavit. Because O'Brien's complaint fails to set forth several of the material elements of a fraud claim, it fails to state a claim on which relief can be granted.

{¶ 17} " 'A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy.' " *Adams v. Margarum*, 10th Dist. No. 16AP-515, 2017-Ohio-2741, ¶ 21, quoting *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 60, 2009-Ohio-2665, ¶ 40 (10th Dist.). Because O'Brien failed to state a fraud claim on which relief could be granted, his claim for conspiracy to commit

fraud necessarily also fails.  *Id.* ("Having concluded that the complaint fails to state a claim for fraud, the derivative claim of civil conspiracy must fall also.")

{¶ **18**}  Accordingly, we overrule O'Brien's second assignment of error.

{¶ **19**}  Having concluded O'Brien's complaint failed to state claims for fraud or conspiracy to commit fraud on which relief could be granted, the question of whether those claims were also barred by the statute of limitations is rendered moot.  Accordingly, we overrule O'Brien's first and third assignments of error as moot.

## V.  CONCLUSION

{¶ **20**}  For the foregoing reasons, we overrule O'Brien's second assignment of error, rendering the first and third assignments moot.  Accordingly, we overrule O'Brien's first and third assignments as moot.  We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and JAMISON, JJ., concur.

_____