[Cite as *WWSD, L.L.C. v. Woods*, 2023-Ohio-3174.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WWSD, LLC, | : | |
| Plaintiff-Appellee, | : | No. 20AP-403 |
| | | (C.P.C. No. 17CV-5963) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Brian K. Woods et al., | : | |
| Defendants-Appellants. | : | |

---

D E C I S I O N

Rendered on September 7, 2023

---

**On brief:** *Law Office of Jeffrey B. Sams, LLC, and Jeffrey B. Sams*, for appellee.

**On brief:** *Brian K. Woods*, pro se.

**On brief:** *Percy Squire Co., LLC*, and *Percy Squire*, for appellant, Metropolitan Community Services, Inc.

---

ON APPLICATION FOR RECONSIDERATION,
EN BANC CONSIDERATION, AND
MOTION TO CERTIFY A CONFLICT

JAMISON, J.

{¶ 1} Defendants-appellants, Brian K. Woods and Metropolitan Community Services, Inc. filed an application for reconsideration and reconsideration en banc, pursuant to App.R. 26(A), of this court's decision in *WWSD, L.L.C. v. Woods*, 10th Dist. No. 20AP-403, 2022-Ohio-952. Appellants have also moved for an order to certify a conflict pursuant to App.R. 25(A). Plaintiff-appellee, WWSD, LLC, filed a memorandum in opposition and appellants filed a reply. For the reasons set forth below, we grant, in

part, appellants' application for reconsideration and deny appellants' application for en banc consideration and motion to certify a conflict.

**1. Reconsideration**

{¶ 2} When presented with an application for reconsideration filed, pursuant to App.R. 26(A)(1), an appellate court must consider whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Matthews v. Matthews*, 5 Ohio App.3d 140 (10th Dist.1982), paragraph two of the syllabus. However, " '[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court.' " *Callander v. Callander*, 10th Dist. No. 07AP-746, 2008-Ohio-3128, ¶ 2, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996), *dismissed*, *appeal not allowed*, 77 Ohio St.3d 1487 (1996); *Nunley v. Wayne Builders Corp.*, 10th Dist. No. 98AP-1202 (Aug. 12, 1999).

{¶ 3} In this case, we affirmed the judgment and the award of damages in favor of appellee stemming from appellants filing false mechanic's liens on appellee's real property. The trial court granted summary judgment in favor of appellee on claims of fraud and slander of title and appellants' claim of conversion. The matter proceeded to a jury trial. Appellee was then awarded damages for fraud and slander of title by a jury.

{¶ 4} Appellants argue this court should reconsider its decision because: (1) appellee did not prove reliance in the fraud claim, (2) the deed was invalid, and (3) there was no basis for an award of punitive damages. Appellants also assert that we committed obvious legal error in not addressing the argument that slander of title and fraud are duplicative claims. Appellee argues that appellants' application for reconsideration simply reiterates the arguments that were made on appeal.

{¶ 5} With respect to appellants' argument related to the validity of the deed and quasi-contract issues, appellants have simply repackaged arguments they made in their appellate briefs. In our original decision, we affirmed that the acknowledgment on the deed in question was valid. Additionally, appellants' unjust enrichment claim was rejected without appeal after the jury trial. Appellants continue to proclaim strong disagreement with the conclusions reached in our decision, but, with respect to the arguments about the

validity of the deed and the quasi-contract issues, the application does not raise an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. "An appellate court will not grant an application for reconsideration merely because a party disagrees with the logic or conclusions of the underlying decision." *Open Container, Ltd. v. CB Richard Ellis, Inc.*, 10th Dist. No. 14AP-133, 2015-Ohio-866, ¶ 2.

{¶ 6} However, the portion of appellants' application for reconsideration related to the fraud claim does identify an obvious error in our original decision worthy of reconsideration. "To prevail on a fraud claim, ' a plaintiff must prove: (1) a representation, or if a duty to disclose exists, a concealment of a fact, (2) that is material to the transaction at issue, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.' " *Santagate v. Pennsylvania Higher Edn. Assistance Agency*, 10th Dist. No. 19AP-705, 2020-Ohio-3153, ¶ 37, quoting *Andrew v. Power Marketing Direct, Inc.*, 10th Dist. No. 11AP-603, 2012-Ohio-4371, ¶ 49, citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73 (1986). The issue appellants raise in their application for reconsideration relates to the element of justifiable reliance. More specifically, appellants assert that a plaintiff asserting a fraud claim cannot utilize the justifiable reliance of a third party to substantiate the plaintiff's own claim of fraud. We agree with appellants.

{¶ 7} In the original decision, the majority found that appellee satisfied the justifiable reliance element of a fraud claim by showing not that appellee relied on the false statement but that the recorder relied on the false statement, stating "*someone* did in fact rely on the statement." (Emphasis added.) *WWSD, LLC* at ¶ 67. Specifically, the majority wrote in the original "[t]he fourth element is that someone did in fact rely on the statement, and the Recorder relied on the misrepresentation to actually record the liens." *Id.* However, as this court has held, " '[i]t is well-established law in Ohio that a fraud claim may not be based on a misrepresentation made to a third party.' " *O'Brien v. Ashley*, 10th Dist. No. 20AP-533, 2021-Ohio-4064, ¶ 15, quoting *Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶ 37. " ' [A] plaintiff fails to state a valid cause of action for fraud when he

alleges that a *third party* relied on misrepresentations made by a defendant and that he suffered injury from the third party's reliance.' " (Emphasis sic.) *Id.*, quoting *Wiles* at ¶ 33. *See also Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 68 ("a fraud claim cannot be predicated on * * * misrepresentations made to third parties"). Because our original decision erroneously holds that appellee could substantiate its fraud claim based on the justifiable reliance of a third party, we must grant reconsideration to correct that error.

{¶ 8} Mindful of the holding in *O'Brien* related to the justifiable reliance element of a fraud claim, the question becomes whether appellee put forth sufficient Civ.R. 56(C) evidence of its own justifiable reliance to support the trial court's decision granting appellee's motion for summary judgment on the fraud claim. Having reviewed the record, we find appellee did not, in its motion for summary judgment, point to any specific portion of the record demonstrating that it justifiably relied on the false mechanics liens.[1] *See Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996) (the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact). Though appellee *alleged* it relied on the mechanic's liens, appellee did not point to any Civ.R. 56 evidence demonstrating its justifiable reliance. Accordingly, the trial court erred in granting summary judgment in favor of appellee on the fraud claim as there remains a genuine issue of material fact as to whether appellee reasonably and justifiably relied on the mechanic's liens. Therefore, we must reverse in part the decision of the trial court with respect to the fraud claim and remand the matter for further proceedings consistent with this decision. This limited remand applies only to the disposition of the fraud claim on summary judgment and does not impact the trial court's granting of summary judgment in favor of appellee on the claim of slander of title. In our original decision, all panel members agreed that appellee was entitled to summary judgment on the

---

[1] We note appellee also filed claims to quiet title and for slander of title, indicating appellee knew the mechanic's liens were invalid. Thus, it is difficult to conceive what evidence appellee could produce to demonstrate it reasonably and justifiably relied on the false liens. *See, e.g., Sigma Sales Co. v. dB Sales II, Inc.*, 9th Dist. No. 18606, 1998 Ohio App. LEXIS 2462 (May 27, 1998) ("[w]here one has been put on notice that material representations may be false or that information material to the transaction may not have been disclosed, he cannot justifiably rely on the representation or omission unless he has conducted a reasonable investigation").

slander of title claim, and nothing in this reconsideration decision should be construed as disturbing the trial court's judgment on that claim.

{¶ 9} Moreover, because we are reversing the trial court's decision with respect to the fraud claim and remanding the matter to that court for determination of appellants' liability on the fraud claim, we must also reverse the trial court's award of punitive damages. Because the award of punitive damages related to the fraud claim, a determination of punitive damages is premature until resolution on remand of appellants' liability on the fraud claim. Thus, we additionally grant in part appellants' application for reconsideration with respect to punitive damages.

{¶ 10} Lastly under the application for reconsideration, we do not agree with appellants that fraud and slander of title are duplicative claims as each is a separate cause of action with distinct elements. Though both fraud and slander of title concern a misrepresentation, slander of title does not require proof of any reliance on the misrepresentation. *Compare Santagate* at ¶ 37 (to prevail on a fraud claim, a plaintiff must prove: (1) a representation, or if a duty to disclose exists, a concealment of a fact, (2) that is material to the transaction at issue, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent to mislead another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance), and *Cairelli v. Brunner*, 10th Dist. No. 18AP-164, 2019-Ohio-1511, ¶ 48 (to prevail on a claim of slander of title, the plaintiff must prove: (1) publication of a slanderous statement disparaging the claimant's title, (2) the statement was false, (3) the statement was made with malice or reckless disregard of its falsity, and (4) the statement caused actual or special damages). Here, appellee separately pleaded the claims and the trial court addressed them separately. As noted above, in our original decision, all panel members agreed that appellee was entitled to summary judgment on the claim of slander of title. Though appellants argue appellee did not adequately allege or prove it relied on the mechanic's liens, it is for the trial court to determine on remand whether appellee can demonstrate the requisite elements of fraud. Thus, we deny appellants' application for reconsideration on this issue.

{¶ 11} Based on the foregoing reasons, though we deny appellants' application for reconsideration with respect to the deed, issues of quasi-contract, and the allegedly duplicative nature of the fraud and slander of title claims, we grant appellants' application for reconsideration with respect to the fraud claim and the award of punitive damages.

## 2. En Banc Consideration

{¶ 12} App.R. 26(A)(2) governs application for en banc consideration. If a court of appeals determines that two or more of its decisions are in conflict with each other, the appeal may be heard en banc. "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a). The burden is on the party requesting en banc consideration to "explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary." App.R. 26(A)(2)(b).

{¶ 13} Having granted appellants' application for reconsideration with respect to the fraud claim and, in doing so, having correctly stated the law with respect to third-party reliance in a fraud claim, appellants cannot show the decision in this case conflicts with another decision of this court. Accordingly, we deny appellants' application for en banc consideration.

## 3. Certification of a Conflict

{¶ 14} Ohio Constitution, Article IV, Section 3(B)(4), authorizes the courts of appeals to certify the record in a case to the Supreme Court of Ohio " '[w]henever * * * a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals.' " *State v. Stewart*, 10th Dist. No. 11AP-787, 2013-Ohio-78, ¶ 12, quoting *Johnson v. Indus. Comm.*, 61 Ohio App. 535, 536 (10th Dist.1939). "Certification can be granted only where the judgments conflict upon the same question." *Id.*

{¶ 15} The Supreme Court has set forth three conditions that are required for certification of a conflict:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question." Second, the alleged conflict must be on a rule of law -- not facts. Third, the journal entry or opinion of the

> certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

(Emphasis sic.) *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993).

{¶ 16} "It is insufficient for the reasoning in the opinions to be inconsistent; the judgments of the appellate courts must be in conflict." *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 21AP-74 (Apr. 14, 2022) (memorandum decision), citing *Thyroff v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 15AP-1043, 2016-Ohio-5715, ¶ 18, citing *State v. Hankerson*, 52 Ohio App.3d 73 (2d Dist.1989), paragraph two of the syllabus. " 'Factual distinctions between cases do not serve as a basis for conflict certification.' " *Everhart*, quoting W*hitelock* at 599.

{¶ 17} In appellants' motion to certify a conflict, they claim that our judgment in *WWSD, LLC* conflicts with the judgments of the courts of appeals in *Temple v. Fence One, Inc.*, 8th Dist. No. 86703, 2005-Ohio-6628; *Dayton-Walther Corp. v. Kelly*, 42 Ohio App.3d 184 (1st Dist.1987); *Morgan Stanley Credit Corp. v. Fillinger*, 8th Dist. No. 98197, 2012-Ohio-4295; *Hahn v. Wayne Cty. Children Servs.*, 9th Dist. No. 00CA0029 (May 9, 2001); *Marbley v. Metadyne Co.*, 9th Dist. No. 21377, 2003-Ohio-2851; *Fifth Third Bank v. Cope*, 162 Ohio App.3d 838, 2005-Ohio-4626 (12th Dist.); *Cardi v. Gump*, 121 Ohio App.3d 16 (8th Dist.1997); *Baddor v. Fox*, 5th Dist. No. 03CA-77, 2004-Ohio-3059; *Lisboa v. Tramer, C.P.A.*, 8th Dist. No. 97526, 2012-Ohio-1549; and *Minaya v. NVR, Inc.*, 8th Dist. No. 105445, 2017-Ohio-9019.

{¶ 18} Appellants assert that a conflict exists in the rule of law that states "[a] cause of action for fraud will only lie when the complainant * * * relied upon the representation, to his detriment and the claimed injury must flow from the complainant's reliance on the alleged misrepresentation." (Mot. to Certify a Conflict at 2.) In granting appellants' motion for reconsideration on this issue, we reiterated this court's holding in *O'Brien* that a plaintiff fails to state a valid cause of action for fraud when he alleges that a *third party* relied on misrepresentations made by a defendant and that he suffered injury from the third party's reliance.' " *O'Brien* at ¶ 15, quoting *Wiles* at ¶ 33. Given our clarification in the application for reconsideration of the applicable law related to third-party reliance in a fraud claim, appellants cannot show a conflict between our decision and a decision of another court of appeals on the same question. Thus, we deny appellants' motion to certify a conflict.

## 4. Conclusion

{¶ 19} Because appellants' application for reconsideration raises an obvious error in our decision, we grant, in part, appellants' application for reconsideration with respect to the fraud claim and punitive damages. Additionally, for the reasons explained above, we deny appellants' application for en banc consideration and motion to certify a conflict. Having granted, in part, appellants' application for reconsideration, we reverse the decision of the Franklin County Court of Common Pleas with respect to the fraud claim and we remand the matter to that court for further proceedings consistent with law and this decision.

*Application for reconsideration denied in part and granted in part*;
*application for en banc consideration denied*;
*motion to certify a conflict denied*;
*judgment affirmed in part and reversed in part; cause remanded.*

LUPER SCHUSTER and LELAND, JJ. concur.

———————————————